**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

December 8, 2020

Jonathan Govette
113 Stoneridge Lane
San Francisco, CA 94134

Paul Brown, Esquire
Chipman Brown Cicero & Cole, LLP
Hercules Plaza
1313 N. Market Street, Suite 5400
Wilmington, DE 19801

RE: *Govette v. Electronic Referral Manager, Inc.*,
C.A. No. 2019-0139-SG

Dear Litigants:

This litigation, purportedly summary in nature, has stagnated. The Plaintiff, Mr. Govette, is self-representing, and is unable to afford counsel.[1] He has proved unable to proceed in compliance with Court of Chancery Rules.[2] The conduct of the case may be briefly summarized thus: the Plaintiff founded Electronic Referral Manager, Inc. ("ERM") in 2011 as the sole director and CEO;[3] in 2012, the Plaintiff and ERM executed a Common Stock Purchase Agreement whereby the Plaintiff was

---

[1] *See* Application and Affidavit to Proceed in Forma Pauperis, Dkt. No. 40.
[2] For example, Mr. Govette's filings are often untimely. *See, e.g.*, Faxed Letter to Vice Chancellor Glasscock from Jonathan Govette, Dkt. No. 58; Fax Received from Jonathan Govette, Dkt. No. 59.
[3] *See* First Am. Verified Compl. for Summ. Proceeding ¶ 10, Dkt. No. 24. Govette was also ERM's sole employee. *Id.* ¶¶ 11, 18.

to purchase 5,000,000 shares of ERM for $20,000;[4] defendants Bongiovanni and Hammer joined the board on August 1, 2018;[5] within the month, the Plaintiff, allegedly under pressure from Bongiovanni and Hammer, resigned as CEO,[6] was purportedly removed from the board,[7] and ultimately was fired from ERM;[8] Bongiovanni and Hammer, acting as the sole board members, also voted to rescind the Stock Purchase Agreement and cancel the Plaintiff's shares.[9]

The Plaintiff initiated this action under 8 Del. C. § 225 and 205 seeking a declaration from this Court that his shares were not properly cancelled, the cancellation is null and void, and he therefore still holds 5,000,000 shares of ERM, and also that his removal from the board was invalid, he remains on the board, and any board actions taken without notice to him are therefore null and void.[10]

The Director Defendants have moved to dismiss, under Rules 3(aa) and 41(b), or in the alternative, to strike the Plaintiff's Second Amended Complaint, which is

---

[4] Am. Compl. ¶ 15.  It is unclear what the Plaintiff alleges that he actually paid for the shares. He has asserted at various times that he paid cash, deposited a check, deferred compensation, and/or cancelled a debt owed to him by ERM in exchange. *See, e.g., id.* ¶¶ 13, 16.
[5] *Id.* ¶ 25.
[6] *Id.* ¶ 26–27.
[7] *Id.* ¶ 33.
[8] *Id.* ¶ 35.
[9] *Id.* ¶ 30.
[10] *See, e.g.,* First Am. Verified Compl. for Summ. Proceeding 11–12, Dkt. No. 24.

unverified, under Rule 12(f).[11] The Motion to Dismiss has itself grown cold, awaiting sufficient briefing for me to address it properly.

This matter invokes two sets of compelling interests of the Court: the need to enforce its Rules in the interests of efficiency and of justice to non-violative parties, on the one hand, and the interest to do justice by deciding the matter on the merits, on the other. In an attempt to vindicate both, I convened a teleconference on October 5, 2020.[12] At that time, I directed the Defendants to file a letter setting forth the issues remaining to be decided on all outstanding motions, and directed the Plaintiff to respond by October 19, 2020. The Plaintiff failed to file a timely response, and I informed the parties by Letter Order that I considered the Defendants' motions fully submitted as of October 27.

Thereafter, on November 2, 2020, the Plaintiff purported to file hundreds of pages of argument and exhibits, presumably relating to the Defendants' motions. He attempted a supplemental filing on November 12, 2020. I have not considered this untimely material here, which also is in form difficult to comprehend.

Every season comes to an end. Currently, the state of the record is that the Plaintiff has withdrawn his prior complaints, and replaced them with the Second

---

[11] *See generally* The Director Defs.' Mot. to Dismiss, or, in the Alternative, Strike Pl.'s Second Am. Compl., Dkt. No. 33; Opening Br. in Support of the Director Defs.' Mot. to Dismiss, or, in the Alternative, Strike Pl.'s Second Am. Compl., Dkt. No. 34.

[12] *See* Judicial Action Form completed by Juli LaBadia, Court Reporter. Teleconference held 10-5-20, Dkt. No. 54.

Amended Complaint. But that pleading is a nullity; it is not verified under Rule 3(aa) and cannot serve as the operative pleading. That fact has been pointed out to the Plaintiff, originally in the Motion to Dismiss filed over one year ago, yet he has not acted to cure the defect. Accordingly, the motion to strike is granted. The Plaintiff shall have until December 22 at 4:30 p.m. Eastern Time to file a properly-verified Second Amended Complaint. If he does so, I will consider the Motion to Dismiss submitted on the record before me. If he does not, I will dismiss the action.

To the extent the foregoing requires an order to take effect, it is SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

cc:   All participants (by *File & ServeXpress*)